# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| PATRICIA GOODELL, | § | |
| Plaintiff, | § | CIVIL ACTION NO. |
| | § | |
| vs. | § | Jury Trial Demanded |
| | § | |
| GC SERVICES LIMITED | § | |
| PARTNERSHIP, GC FINANCIAL | § | |
| CORP., and DLS ENTERPRISES, INC, | § | |
| Defendants. | § | |

## ORIGINAL COMPLAINT

### NATURE OF ACTION

1. This is an action for damages brought by Plaintiff, Patricia Goodell ("Plaintiff"), an individual, for Defendants' violations of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*, the Texas Debt Collection Act ("TDCA"), Texas Deceptive Trade Practices Consumer Protection Act ("DTPA"), TEX. BUS. & COM. CODE §§ 17.01, *et seq.*, which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

2. Plaintiff seeks to recover monetary damages for Defendants' violation of the FDCPA, the TDCA and the DTPA, and to have an Order or injunction issued by this Court preventing Defendant from persisting in its violative behaviors.

3. Service may be made upon Defendant in any other district in which it may be found pursuant to 29 U.S.C. § 1132(e)(2).

### JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

5. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, and where Defendants transact business in this district.

## PARTIES

6. Plaintiff, Patricia Goodell ("Plaintiff"), is a natural person who at all relevant times resided in the State of Connecticut, County of Tolland, and City of Ashford.

7. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3) and TEX. FIN. CODE § 392.001(1).

8. Defendant, GC Services Limited Partnership ("GC Services") is a foreign limited partnership formed under the laws of Delaware. GC Services is registered to do, and doing, business in this district. GC Services' principal office and place of business is situated at 6330 Gulfton St., Houston, TX 77081-1108. GC Services is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as defined by Tex. Fin. Code § 392.001(2). GC Services may be served by and through its registered agent, CT Corporation 350 N. St. Paul St., Ste. 2900, Dallas, TX 75201-4234.

9. GC Services is the largest private collection agency in North America, operating thirty-six (36) offices, employing more than 10,000 individuals, and managing over 8.5 million open third-party debt collection accounts.

10. Defendant GC Financial Corp. ("GC Financial") is a foreign for-profit corporation and the general partner of GC Services Limited Partnership. GC Financial is registered to do, and doing, business in this district. GC Financial's principal office and principal place of business is situated at 6330 Gulfton St., Houston, TX 77081. GC Financial

may be served by and through its registered agent, CT Corporation 350 N. St. Paul St., Ste. 2900, Dallas, TX 75201-4234.

11. Defendant DLS Enterprises, Inc. ("DLS"), doing business under the assumed fictitious name GC Services Corp., is a foreign for-profit corporation and the general partner of GC Services. DLS is registered to do, and doing, business in this district. DLS' principal place of business and principal office is situated at 6330 Gulfton St., Houston, TX 77081. DLS may be served by and through its registered agent, CT Corporation 350 N. St. Paul St., Ste. 2900, Dallas, TX 75201-4234.

12. GC Financial and DLS shall be referred to hereafter as the "General Partners."

13. Under Delaware partnership law and the Uniform Limited Partnership Act § 403 (amended 1985), the General Partners are vicariously liable for the acts of GC Services, the limited partnership. Delaware partnership law provides that "all partners are liable . . . [j]ointly and severally for everything chargeable to the partnership. . . ." Del. Code. Ann. tit. 6, § 1515(a). GC Services mails hundreds of thousands of collection letters and places hundreds of thousands of collection telephone calls per month in its third party collection program, which is clearly within the scope the partnership's business. Accordingly, the General Partners are jointly and severally liable for the acts and omissions of GC Services out of which Plaintiff's claims arise. *See e.g. Randle v. GC Services, LP*, 25 F.Supp.2d 849, 851-52 (finding that the general partners of GC Services Limited Partnership—GC Financial Corp., and DLS Enterprises, Inc., are vicariously liable for the acts of GC Services under general principles of partnership law and Delaware partnership law). *See also Peters v. AT&T Corp.*, 43 F.Supp.2d. 926, 929 (N.D. Ill. 1999) (same).

14. Accordingly, GC Services, GC Financial, and DLS are "debt collectors" as defined by 15 U.S.C. § 1692a(6) and Tex. Fin. Code § 392.001(6).

## FACTUAL ALLEGATIONS

15. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than GC Services, GC Financial, and/or DLS.

16. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than GC Services, GC Financial, and/or DLS, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

17. GC Services uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

18. In connection with the collection of an alleged debt in default from Plaintiff, GC Services, via its agent and/or employee "Michelle" placed a call to third party, to wit: Plaintiff's neighbor, Tracy DesRocher ("Ms. DesRocher") on May 1, 2012.  *See* Exhibit "A."

19. During the telephone conversation on May 1, 2012, GC Services, via its agent and/or employee "Michelle" told Ms. DesRocher that GC Services was looking for Plaintiff and that Plaintiff owed an alleged debt.

20. During the telephone conversation on May 1, 2012, GC Services, via its agent and/or employee "Michelle" provided Ms. DesRocher with GC Services' name and phone number and told Ms. DesRocher that Plaintiff needs to call GC Services as soon as possible.

21. During the telephone conversation on May 1, 2012, , GC Services, via its agent and/or employee "Michelle" contacted third party, Ms. DesRocher for purposes other than obtaining location information, in connection with an attempt to collect an alleged debt from Plaintiff.

22. During the telephone conversation on May 1, 2012, , GC Services, via its agent and/or employee "Michelle" provided its identity to third party, Ms. DesRocher without such information being expressly requested, in connection with an attempt to collect an alleged debt from Plaintiff.

23. During the telephone conversation on May 1, 2012, , GC Services, via its agent and/or employee "Michelle" conveyed a false sense of urgency to third party, Ms. DesRocher in an attempt to coerce Plaintiff to return GC Services' telephone call.

24. After Ms. DesRocher's telephone conversation with Defendant on May 1, 2012, Ms. DesRocher went to Plaintiff's home and gave Plaintiff a message from her telephone conversation with Defendant.

25. After receiving the message from Ms. DesRocher, Plaintiff called GC Services on the evening of May 1, 2012.

26. During the telephone conversation on May 1, 2012, Plaintiff asked GC Services why GC Services called Plaintiff's neighbor, and GC Services replied that it was worried about Plaintiff.

27. During the telephone conversation on May 1, 2012, Plaintiff verified her identity, and at that point, GC Services told Plaintiff that it was a debt collection agency.

28. During the telephone conversation on May 1, 2012, Plaintiff demanded that GC Services cease and desist from engaging in any communication with Plaintiff and Plaintiff's neighbors.

29. Defendants' actions constitute conduct highly offensive to a reasonable person, and as a result of Defendants' behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and/or emotional distress.

## COUNT I
## DEFENDANT GC SERVICES
## VIOLATION OF 15 U.S.C. § 1692b(1)

30. Plaintiff repeats and re-alleges each and every allegation above.

31. GC Services violated 15 U.S.C. § 1692b(1) by contacting a third party for purposes other than obtaining location information, in connection with an attempt to collect an alleged debt from Plaintiff.

32. GC Services violated 15 U.S.C. § 1692b(1) by providing the identity of Defendant to a third party without such information being expressly requested, in connection with an attempt to collect an alleged debt from Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that GC Services violated 15 U.S.C. § 1692b(1);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

   d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## DEFENDANT GC FINANCIAL
## VIOLATION OF 15 U.S.C. § 1692b(1)

33. Plaintiff repeats and re-alleges each and every allegation above.

34. GC Services violated 15 U.S.C. § 1692b(1) by contacting a third party for purposes other than obtaining location information, in connection with an attempt to collect an alleged debt from Plaintiff.

35. GC Services violated 15 U.S.C. § 1692b(1) by providing the identity of Defendant to a third party without such information being expressly requested, in connection with an attempt to collect an alleged debt from Plaintiff.

36. GC Financial by virtue of its statue as a general partner of GC Services, is separately liable for actions of GC Services, the limited partnership.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that GC Financial violated 15 U.S.C. § 1692b(1);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## DEFENDANT DLS
## VIOLATION OF 15 U.S.C. § 1692b(1)

37. Plaintiff repeats and re-alleges each and every allegation above.

38. GC Services violated 15 U.S.C. § 1692b(1) by contacting a third party for purposes other than obtaining location information, in connection with an attempt to collect an alleged debt from Plaintiff.

39. GC Services violated 15 U.S.C. § 1692b(1) by providing the identity of Defendant to a third party without such information being expressly requested, in connection with an attempt to collect an alleged debt from Plaintiff.

40. DLS by virtue of its statue as a general partner of GC Services, is separately liable for actions of GC Services, the limited partnership.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that DLS violated 15 U.S.C. § 1692b(1);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## DEFENDANT GC SERVICES
## VIOLATION OF 15 U.S.C. § 1692c(b)

41. Plaintiff repeats and re-alleges each and every allegation above.

42. GC Services violated 15 U.S.C. § 1692c(b) by communicating with a third party other than in the manner prescribed by 15 U.S.C. § 1692b et seq., without having received the prior consent of Plaintiff or the express permission of a court of competent jurisdiction, and without it being necessary to effect a post-judgment remedy.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that GC Services violated 15 U.S.C. § 1692c(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## DEFENDANT GC FINANCIAL
## VIOLATION OF 15 U.S.C. § 1692c(b)

43. Plaintiff repeats and re-alleges each and every allegation above.

44. GC Services violated 15 U.S.C. § 1692c(b) by communicating with a third party other than in the manner prescribed by 15 U.S.C. § 1692b et seq., without having received the prior consent of Plaintiff or the express permission of a court of competent jurisdiction, and without it being necessary to effect a post-judgment remedy.

45. GC Financial by virtue of its statue as a general partner of GC Services, is separately liable for actions of GC Services, the limited partnership.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that GC Financial violated 15 U.S.C. § 1692c(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## DEFENDANT DLS
## VIOLATION OF 15 U.S.C. § 1692c(b)

46. Plaintiff repeats and re-alleges each and every allegation above.

47. GC Services violated 15 U.S.C. § 1692c(b) by communicating with a third party other than in the manner prescribed by 15 U.S.C. § 1692b et seq., without having received the prior consent of Plaintiff or the express permission of a court of competent jurisdiction, and without it being necessary to effect a post-judgment remedy.

48. DLS by virtue of its statue as a general partner of GC Services, is separately liable for actions of GC Services, the limited partnership.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that DLS violated 15 U.S.C. § 1692c(b);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VII
## DEFENDANT GC SERVICES
## VIOLATION OF 15 U.S.C. § 1692e(10)

49.    Plaintiff repeats and re-alleges each and every allegation above.

50.    GC Services violated 15 U.S.C. § 1692e(10) using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff, including, but not limited to: conveying a false sense of urgency in telephone calls to third party, Ms. DesRocher, in an attempt to coerce Plaintiff to return Defendant's telephone call.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that GC Services violated 15 U.S.C. § 1692e(10);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VIII
## DEFENDANT GC FINANCIAL
## VIOLATION OF 15 U.S.C. § 1692e(10)

51. Plaintiff repeats and re-alleges each and every allegation above.

52. GC Services violated 15 U.S.C. § 1692e(10) using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff, including, but not limited to: conveying a false sense of urgency in telephone calls to third party, Ms. DesRocher, in an attempt to coerce Plaintiff to return Defendant's telephone call.

53. GC Financial by virtue of its statue as a general partner of GC Services, is separately liable for actions of GC Services, the limited partnership.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that GC Financial violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IX
## DEFENDANT DLS
## VIOLATION OF 15 U.S.C. § 1692e(10)

54. Plaintiff repeats and re-alleges each and every allegation above.

55. GC Services violated 15 U.S.C. § 1692e(10) using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff, including, but

not limited to: conveying a false sense of urgency in telephone calls to third party, Ms. DesRocher, in an attempt to coerce Plaintiff to return Defendant's telephone call.

56. DLS by virtue of its statue as a general partner of GC Services, is separately liable for actions of GC Services, the limited partnership.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that DLS violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT X
## DEFENDANT GC SERVICES
## VIOLATION OF TEX. FIN. CODE § 392.304(a)(19)

57. Plaintiff repeats and re-alleges each and every allegation above.

58. GC Services violated TEX. FIN. CODE § 392.304(a)(19) by using false representations or deceptive means to collect an alleged debt or obtain information from Plaintiff, including, but not limited to: conveying a false sense of urgency in telephone calls to third party, Ms. DesRocher, in an attempt to coerce Plaintiff to return Defendant's telephone call.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant GC Services violated TEX. FIN. CODE § 392.304(a)(19);

b) Awarding Plaintiff statutory damages pursuant to the TDCA;

c) Awarding Plaintiff actual damages pursuant to the TDCA;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT XI
## DEFENDANT GC FINANCIAL
## VIOLATION OF TEX. FIN. CODE § 392.304(a)(19)

59. Plaintiff repeats and re-alleges each and every allegation above.

60. GC Services violated TEX. FIN. CODE § 392.304(a)(19) by using false representations or deceptive means to collect an alleged debt or obtain information from Plaintiff, including, but not limited to: conveying a false sense of urgency in telephone calls to third party, Ms. DesRocher, in an attempt to coerce Plaintiff to return Defendant's telephone call.

61. GC Financial by virtue of its statue as a general partner of GC Services, is separately liable for actions of GC Services, the limited partnership.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant GC Financial violated TEX. FIN. CODE § 392.304(a)(19);

b) Awarding Plaintiff statutory damages pursuant to the TDCA;

c) Awarding Plaintiff actual damages pursuant to the TDCA;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT XII
## DEFENDANT DLS
## VIOLATION OF TEX. FIN. CODE § 392.304(a)(19)

62.     GC Services violated TEX. FIN. CODE § 392.304(a)(19) by using false representations or deceptive means to collect an alleged debt or obtain information from Plaintiff, including, but not limited to: conveying a false sense of urgency in telephone calls to third party, Ms. DesRocher, in an attempt to coerce Plaintiff to return Defendant's telephone call.

63.     DLS, by virtue of its statue as a general partner of GC Services, is separately liable for actions of GC Services, the limited partnership.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

  a) Adjudging that Defendant DLS violated TEX. FIN. CODE § 392.304(a)(19);
  b) Awarding Plaintiff statutory damages pursuant to the TDCA;
  c) Awarding Plaintiff actual damages pursuant to the TDCA;
  d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;
  e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;
  f) Awarding such other and further relief as the Court may deem just and proper.

**TRIAL BY JURY**

64. Plaintiff is entitled to and hereby demands a trial by jury.

                Respectfully submitted,

                By: /s/ Dennis R. Kurz
                Dennis R. Kurz
                Texas State Bar # 24068183
                Dkurz@attorneysforconsumers.com
                WEISBERG & MEYERS, LLC
                Two Allen Center
                1200 Smith Street
                Sixteenth Floor
                Houston, TX 77002
                Telephone:    (888) 595-9111
                Facsimile:    (866) 565-1327

                *Attorney for Plaintiff*
                PATRICIA GOODELL